THE FARMERS' BANK OF JESSUP V. ARTHUR.

75 129
f138 637

1. **Appeal**: ERROR WITHOUT PREJUDICE. Errors committed in favor of an intervenor, to whom no relief of any kind is finally granted, are without prejudice, and no ground of complaint on appeal.

2. **Promissory Notes**: OWNERSHIP: RIGHT OF ACTION. The note in suit was made to "the order of M., cashier, at First National Bank of Jessup, Iowa," and by him indorsed to plaintiff "for account of First National Bank, Jessup, Iowa." Plaintiff had possession of the note, and alleged that it owned it; and the answer by implication admitted such ownership, but denied generally all averments not admitted. *Held* that the proof of ownership was sufficient.

3. ———: LOSS OF COLLATERALS : DISCHARGE OF CO-MAKER. One of two makers of a note executed a chattel mortgage as collateral security. The mortgage appeared to have been made at the request and for the benefit of the other co-maker, and at his request it was withheld from the records, and the property was left in the hands of the mortgagor, who afterwards died. His administrator was unable to find some of the property, but such as he could find he sold, and applied the proceeds on the note. In an action against the surviving co-maker, *held* that plaintiff was not required to account for the property which could not be found ; no duty being imposed upon it to preserve it.

*Appeal from Buchanan District Court.*—HON. J. J. NEY, Judge.

FILED, SEPTEMBER 7, 1888.

PLAINTIFF seeks to recover the amount due on a promissory note made by defendant and one Lancelot Platt, now deceased. The making of the note is admitted, but defendant avers that he signed the same as surety only, and pleads several defenses based on the alleged suretyship. He also claims payment of the note, that he has been released from liability, and other defenses. The case was tried to a jury, which found specially that, as between defendant and Platt, the defendant signed the note as co-maker. A general

VOL. 75—9

verdict was returned in favor of plaintiff for the amount due on the note, and judgment rendered therefor. From this judgment the defendant appeals.

*Martin & Wambach* and *E. E. Hasner*, for appellant.

*Woodward & Cook*, for appellee.

ROBINSON, J.— I.   The administrator of the estate of Platt filed a petition of intervention, in which he alleged that the note in suit was signed by defendant as joint maker; that, notwithstanding that fact, defendant had filed against the estate of decedent a claim for the amount due on the note, which he asked to have allowed in case plaintiff succeeds in this action, on the alleged ground that he signed the note as surety only.   The intervenor asks to be made a party plaintiff with the bank; that defendant be held to have signed the note as joint maker, and not as surety; and that he have judgment for costs.   A motion to strike the petition of intervention from the files, made by defendant, was overruled, and defendant thereupon filed an answer to it. The action of the court in overruling the motion to strike, and in sustaining certain objections made by intervenor to evidence, is objected to by appellant.   If the action complained of was in fact erroneous, and if appellant is now in position to urge his objection, we should have to hold the error to be without prejudice, for the reason that no judgment was rendered in favor of intervenor, nor was he given relief of any kind.

II.   Appellant insists that plaintiff has not shown title to the note in suit.   It was made payable "to the order of Geo. S. Murphy, cashier, at First National Bank of Jessup, Iowa," and indorsed to plaintiff in words following: "Pay Farmers' Bank, Jessup, Iowa, or order, for account of First National Bank, Jessup, Iowa.   Geo. S. Murphy, cashier."   It is shown that the First National Bank ceased to exist April 20, 1886.   The note is in the

*Margin notes:*
1. APPEAL : error without prejudice.

2. PROMISSORY notes : ownership : right of action.

The Farmers' Bank of Jessup v. Arthur.

possession of plaintiff, and it is presumed to own it, in the absence of proof to the contrary. The indorsement does not show that the First National Bank is the owner. The petition alleges that it is owned by plaintiff, and numerous admissions in the answer show that this was not controverted by defendant, although the answer contains a general denial of matters not admitted. We think the proof of ownership is sufficient.

III. A chattel mortgage was given by decedent to secure the note in suit. A part of the mortgaged property was sold at private sale, and the proceeds applied in payment of the note. The defendant complains of the refusal of the district court to give an instruction which contained the following : " Plaintiff must further show what disposition has been made of the property described in said mortgage, not shown by plaintiff to have been sold. If any portion of said property is claimed by plaintiff to have been lost, or to have died, the plaintiff must show by a preponderance of the evidence that such loss or death was without fault or neglect on the part of the plaintiff." The evidence tends to show that the mortgage was given at the request and for the benefit of defendant ; that it was kept from the records at his request ; that it was given in November, 1885 ; and that the property therein described remained in the possession of the mortgagor, Platt, until his death, five months later ; that some of the property could not then be found, but that the administrator of decedent took possession of all he could find, and sold the same for its value, and applied the proceeds on the note. Under these facts it was not necessary for plaintiff to account for property which could not be found when the administrator attempted to take possession of it. If any of it had been sold by decedent, or taken to pay his debts, plaintiff would not have been responsible, in the absence of consent. Nor was it the duty of plaintiff to show what had become of the property which it had not reduced to possession. It was the understanding of all parties that

*3. —— : loss of collaterals : discharge of co-maker.*

the property should remain in the possession of the mortgagor, and no duty was imposed upon plaintiff to preserve it. In our opinion the instruction was properly refused.

IV. Other questions are discussed by counsel. The most important of them are based upon the theory that defendant signed the note as surety only ; and, in view of the special findings of the jury, they are not material in this case. There was evidence sufficient to sustain the special finding, and also the general verdict. We find no prejudicial error in any of the matters discussed. The judgment of the district court is therefore

AFFIRMED.